SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

AMAZON NATURAL TREASURES, INC., Defendant,

and

Michael A. Sylver, Defendant–Appellant.

No. 03–17090.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2005.

Decided May 20, 2005.

Dominick V. Freda, Randall Quinn, Washington, DC, for Plaintiff–Appellee.

Joshua M. Landish, Esq., Las Vegas, NV, Thomas R. Port, Danville, CA, for Defendant and Defendant–Appellant.

Before: LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Michael A. Sylver, the president and chief executive officer of Amazon Natural Treasures, Inc., appeals the order and judgment of the United States District Court for the District of Nevada. The district court imposed a permanent officer

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

or director bar upon Sylver, ordered Sylver to disgorge a total of $232,322, plus all promissory notes inuring to his benefit, and assessed a third-tier statutory penalty against Sylver in the amount of $120,000. On appeal, Sylver contends that the district court abused its discretion at trial by excluding certain documents proffered by Sylver, and by overruling Sylver's objections to the Securities and Exchange Commission's (SEC's) summary exhibits and testimony. Sylver also challenges the district court's imposition of a permanent officer and director bar, disgorgement, and third-tier statutory penalties.

■ We find that the district court did not abuse its discretion by excluding certain documents proffered by Sylver at trial or by denying Sylver's related motion for a new trial. The documents were excluded by the district court because Sylver failed to timely respond to discovery requests by the SEC. Whether the SEC was in possession of the excluded documents prior to its motion to exclude the documents is irrelevant. Moreover, none of the documents proffered by Sylver were newly discovered, and all of them were in his possession well in advance of trial.

■ We also find that the testimony of SEC Staff Accountant Ann C. Romero was properly admitted into evidence by the district court as summary testimony within the meaning of Rule 1006 of the Federal Rules of Evidence. Romero's testimony was presented "in the form of a chart, summary, or calculation." Fed.R.Evid. 1006. It involved the organization and presentation of voluminous financial records, not the application of interpretive expertise to financial records. Additionally, the information contained in Romero's summaries was available to Sylver during discovery. The district court also did not abuse its discretion with regard to a continuance: the court offered Sylver's counsel more time but he did not accept it.

■ Lastly, we find that the district court did not abuse its discretion by permanently barring Sylver from being an officer and director of a publicly held corporation, ordering Sylver to disgorge his gains and promissory notes, and ordering Sylver to pay a third-tier civil penalty. The evidence demonstrated that Sylver had taken sums of at least the amount the district court ordered him to disgorge, and there is no question that Sylver was unjustly enriched by his numerous violations of the securities laws. *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1191 (9th Cir. 1998). The district court also acted well within its power when it assessed a third-tier penalty against Sylver. In accordance with section 20(d) of the Securities Act, the district court found that Sylver had engaged in fraud, deceit, and manipulation in deliberate disregard of a regulatory requirement, and that his violation resulted in "substantial losses to other persons." 15 U.S.C. § 77t(d)(2)(C). The district court's decision was supported by ample evidence.[1]

Given Sylver's abuses, which have been well-documented in the record, the district court also acted within its discretion when it imposed a permanent officer or director bar upon Sylver pursuant to 15 U.S.C. § 78u(d)(2). A district court has substantial discretion when deciding whether to

---

**1.** Although not contested by Sylver, the SEC notes that the third-tier penalty amount of $120,000 reflects the inflation adjustment prescribed by regulation for violations occurring after February 2, 2001. Because Sylver's violations occurred before February 2, 2001, however, the applicable inflation-adjusted amount should be $110,000. *See* 17 C.F.R. § 201.1001 & tbl. I. Accordingly, we correct this error and lower Sylver's third-tier penalty amount to $110,000. We also commend the government for noting the discrepancy.

impose an officer or director bar. *First Pac. Bancorp,* 142 F.3d at 1193. In Sylver's case, the district court offered a host of legitimate reasons why Sylver was substantially unfit to serve as an officer or director of a publicly held corporation.

For the foregoing reasons, we AFFIRM the district court except as modified by footnote 1.